

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW, Rm. 7261

Washington, DC 20530

_____

Tel: (202) 514-8100

May 24, 2023

VIA CM/ECF

Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
21400 U.S. Courthouse
600 S. Maestri Place Suite 115
New Orleans, LA 70130-3408

  RE: *Apter v. Department of Health & Human Services*, No. 22-40802

Dear Mr. Cayce:

  Pursuant to Federal Appellate Rule 28(j), we write in response to plaintiff's letter advising this Court of an unpublished, per curiam order granting in part and denying in part a motion for a stay pending appeal in *Alliance for Hippocratic Medicine v. U.S. Food & Drug Administration*, No. 23-10362 (5th Cir. Apr. 12, 2023). Even apart from its lack of precedential effect and the fact that it was overridden by a Supreme Court stay, Dkt. 217, the order's reasoning does not advance plaintiffs' arguments here.

  In *Alliance*, the plaintiffs challenged, *inter alia*, the U.S. Food and Drug Administration's (FDA) approval and regulation of the drug mifepristone. Op. 6-7. As a preliminary matter, there was no dispute that *Alliance* involved final agency action, so that case has no bearing whatsoever on the district court's independently dispositive determination in this case that the informational statements at issue here did not alter any legal rights or responsibilities and accordingly are not final agency action such that the Administrative Procedure Act's waiver of sovereign immunity does not apply. Gov't Br. 22-29.

  Nor does the *Alliance* order support standing here. The stay panel concluded that the plaintiff doctors had standing on the ground that FDA's actions caused the plaintiff doctors to treat certain patients in ways that resulted in harm to the doctors. Op. 14-18. Even on its own terms, the *Alliance* stay order does not support plaintiffs'

standing in this case.  Here, plaintiffs have not alleged that FDA's statements forced them to provide medical care in ways that harm them.  Indeed, plaintiffs allege that they have continued to prescribe ivermectin to prevent or treat COVID-19, despite the challenged statements.  Gov't Br. 37.  This case does not involve any action by FDA that approves a drug or regulates its distribution, so the *Alliance* stay panel's discussion of alleged potential downstream effects of such decisions on those plaintiff doctors has no apparent relevance here.

Respectfully submitted,

*s/ Ashley C. Honold*
Ashley C. Honold
Attorney, Appellate Staff
Civil Division, Room 7261
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 353-9018

cc:     Counsel (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with the word count limitation of Fed. R. App. 28(j), as its body contains 323 words as automatically totaled by Microsoft Word.

*s/ Ashley C. Honold*
ASHLEY C. HONOLD